UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOANN COLLINS,<br><br>      Plaintiff,<br><br>  v.<br><br>AETNA LIFE INSURANCE COMPANY and ABC CORP.,<br><br>      Defendants. | NO: 12-CV-5049-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND GRANTING PLAINTIFF'S MOTION FOR DISCLOSURE AND DISCOVERY |

BEFORE THE COURT are Defendant Aetna Life Insurance Company's Motion to Dismiss Plaintiff's State Law Claims as Preempted by ERISA and to Confirm a Bench Trial (ECF No. 15); Plaintiff's Motion for Disclosure and Discovery (ECF No. 19); and Plaintiff's Motion for Extension of Time to File Initial Expert Disclosure (ECF No. 25). These matters were heard without oral argument on November 1, 2012. The Court has reviewed the motions, the responses, the replies, and the record and files herein and is fully informed.

ORDER ON ERISA PREEMPTION MOTIONS ~ 1

## BACKGROUND

Plaintiff, JoAnn Collins ("Plaintiff"), has sued Defendant Aetna Life Insurance Company ("Aetna") to recover the proceeds of a supplemental life insurance policy issued to her deceased son. Her causes of action include state law claims for breach of contract, bad faith denial of benefits, and violations of the Washington Consumer Protection Act, as well as a federal claim for violations of the Employee Retirement Income Security Act ("ERISA").

At present, the primary dispute is whether the supplemental life insurance policy is subject to regulation under ERISA or whether ERISA's so-called "safe harbor" exemption applies. If the plan is subject to ERISA, Plaintiff's state law claims are likely preempted; if the safe harbor exemption applies, Plaintiff's state law claims will likely go forward. Aetna has moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff opposes the motion on the ground that additional fact discovery is required to properly resolve the ERISA preemption issue.

## FACTS

Plaintiff's son, Jeff Stubblefield, died on May 23, 2010. Prior to his death, Mr. Stubblefield purchased a $300,000 supplemental life insurance policy issued by Aetna through his employer, Alaska Airlines. Plaintiff is listed as the beneficiary of the policy. Following her son's death, Plaintiff filed a claim for

benefits due under the policy. Aetna ultimately denied the claim on grounds not directly relevant to the instant motion. This lawsuit followed.

## DISCUSSION

The Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), is a comprehensive statute which regulates private employee benefit plans. In enacting the statute, Congress sought to create a "uniform regulatory regime," *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004), which would "protect employers from conflicting and inconsistent state and local regulation of [employee benefit] plans." *Henkin v. Northrop Corp.*, 921 F.2d 864, 867 (9th Cir. 1990). To that end, Congress passed the statute with "expansive pre-emption provisions" designed to ensure that the regulation of employee benefit plans remains "exclusively a federal concern." *Aetna Health*, 542 U.S. at 208 (internal citations and quotation omitted). As a result of these provisions, "any state-law cause of action that duplicates, supplements, or supplants [an] ERISA civil enforcement remedy" is preempted by ERISA. *Id.* at 209.

Despite its broad preemption provisions, not all employee benefits plans are subject to regulation under ERISA. Most notably for purposes of this case, ERISA contains a "safe harbor" provision which exempts certain plans from federal regulation. *See* 29 C.F.R. § 2510.3-1(j). To qualify for the safe harbor provision, a plan must satisfy each of the following criteria:

ORDER ON ERISA PREEMPTION MOTIONS ~ 3

(1) No contributions are made by the employer or employee organization;

(2) Participation in the program is completely voluntary for employees or members;

(3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j)(1)-(4).  Provided that these criteria are satisfied, ERISA's broad preemption provisions do not apply.

**A. Aetna's Motion for Judgment on the Pleadings and to Confirm Bench Trial**

A motion for judgment on the pleadings is governed by Federal Rule of Civil Procedure 12(c).  Pursuant to Rule 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed[,] but early enough not to delay trial."  Fed. R. Civ. P. 12(c).  To prevail on such a motion, the moving party must "clearly establish[] on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  In determining whether this standard has been satisfied, a reviewing court

must accept each of the non-moving party's allegations as true and must not consider matters beyond the pleadings. *Id.*

In the instant case, the parties dispute whether the supplemental life insurance plan issued to Mr. Stubblefield is subject to regulation under ERISA. Aetna argues that the Court should decide the issue as a matter of law because Plaintiff "repeatedly admitt[ed] in her Complaint that the supplemental life insurance policy at issue is subject to ERISA." ECF No. 16 at 4. Because "Plaintiff's state-law claims all unequivocally relate to her ERISA claim," Aetna argues, the state law claims are categorically preempted. ECF No. 16 at 4. Thus, in Aetna's view, Plaintiff is attempting to "have her cake and eat it too" by seeking relief under both ERISA and state law. ECF No. 16 at 4.

Plaintiff concedes that her complaint seeks relief under ERISA, but argues that her ERISA-related allegations are not controlling for purposes of the preemption issue. Plaintiff asserts that she was unaware of ERISA's safe harbor provision when she filed the complaint, and that, after having conducted additional research and discovery, she now believes the safe harbor provision applies. ECF No. 30 at 3. Accordingly, Plaintiff urges the Court to deny Aetna's motion and to order additional fact discovery pertaining to the statutory safe harbor criteria before deciding whether her state law claims are preempted.

The Court concludes that judgment on the pleadings is inappropriate. Although Plaintiff clearly "believed that [the policy was] subject to [ERISA]" when she filed her complaint, Pl.'s Compl., ECF No. 2 at ¶ 13, her ERISA-related allegations are not fatal to her state law claims. The federal rules expressly allow a party to plead inconsistent claims or defenses. Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); *see also Molsbergen v. United States*, 757 F.2d 1016, 1019 (9th Cir. 1985) ("In light of the liberal pleading policy embodied in Rule 8[(d)(3)] . . . a pleading should not be construed as an admission against another alternative or inconsistent pleading in the same case[.]"). Accordingly, the fact that Plaintiff's complaint seeks relief under ERISA does not automatically render her state law claims preempted. At least at the pleading stage, Plaintiff is entitled to assert both types of claims. Aetna's motion for judgment on the pleadings and to confirm a bench trial[1] is denied.

**B. Plaintiff's Motion for Disclosure and Discovery**

Plaintiff has asked the Court to order additional fact discovery pertaining to whether the supplemental life insurance policy purchased by Mr. Stubblefield

---

[1] Aetna's motion to confirm a bench trial is denied with leave to renew following additional discovery on the ERISA preemption/safe harbor issue.

ORDER ON ERISA PREEMPTION MOTIONS ~ 6

satisfies the statutory safe harbor criteria set forth in 29 C.F.R. § 2510.3-1(j).  In support of this motion, Plaintiff asserts that the safe harbor analysis is inherently fact-sensitive and that additional discovery is required to determine, *inter alia*, whether Alaska Airlines "endorsed" the plan within the meaning of § 2510.3-1(j)(3) and whether the plan can be "severed" from a larger benefits package offered by Alaska Airlines which is, apparently, subject to regulation under ERISA.  Plaintiff concedes that the safe harbor issue may be a "close call," but maintains that additional discovery is required to resolve the issue definitively. ECF No. 37 at 3.

     The Court agrees.  As Plaintiff correctly notes, the statutory safe harbor analysis hinges largely on questions of fact.  At this early stage of the litigation, the record consists of (1) documents produced by Aetna from the administrative record; (2) a Summary Plan Description ("SPD") prepared by Alaska Airlines; (3) an ERISA-related disclosure document filed by Alaska Airlines with the Department of Labor; (4) an email from Plaintiff to her attorney in which Plaintiff relays details of a conversation with a member of Alaska Airlines' human resources department; and (5) correspondence between Plaintiff's counsel and counsel for Alaska Airlines concerning the safe harbor issue.

     Although these documents shed some light on the underlying facts, the Court concludes that additional discovery—most notably a deposition of an Alaska

Airlines representative with knowledge of the supplemental life insurance plan offering pursuant to Rule 30(b)(6)—is necessary to facilitate a proper ruling. In light of the substantial impact that this ruling will have on the case, the Court will grant Plaintiff's motion and order that the parties engage in targeted discovery to determine whether the supplemental life insurance plan offering satisfies the statutory safe harbor criteria set forth in 29 C.F.R. § 2510.3-1(j). This discovery shall be completed no later than November 30, 2012.

**C. Plaintiff's Motion to Extend Expert Disclosure Deadline**

Plaintiff has moved for an extension of the existing September 11, 2012 expert witness disclosure deadline on the ground that Aetna has refused to provide discovery related to her state law claims. Until Aetna provides such discovery, Plaintiff argues, she will be unable to engage in any meaningful expert discovery. Aetna counters that the expert disclosure deadline is essentially moot. According to Aetna, no expert testimony will be permitted in this case because "Plaintiff's sole claim is an ERISA claim, all of her state-law claims are preempted, and review of this matter will be on the administrative record [only]." ECF No. 35 at 2. Aetna also argues that Plaintiff's motion is untimely.

The Court agrees that the need for expert testimony on Plaintiff's state law claims is contingent upon Plaintiff prevailing on the ERISA preemption issue. Accordingly, the Court will defer ruling on Plaintiff's motion to extend the expert

disclosure deadline until the parties have completed their targeted discovery and have fully briefed the preemption issue in a subsequent motion to dismiss or motion for summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendant Aetna Life Insurance Company's Motion to Dismiss Plaintiff's State Law Claims as Preempted by ERISA and to Confirm a Bench Trial (ECF No. 15) is **DENIED**. Defendant is granted leave to renew its motion to confirm a bench trial in conjunction with any future dispositive motion concerning the ERISA preemption issue.

2. Plaintiff's Motion for Disclosure and Discovery (ECF No. 19) is **GRANTED**. The parties shall engage in targeted discovery to determine whether the supplemental life insurance plan purchased by Mr. Stubblefield satisfies the ERISA safe harbor criteria set forth in 29 C.F.R. § 2510.3-1(j). This discovery shall be completed no later than **December 10, 2012**.

3. The Court **defers ruling** on Plaintiff's Motion for Extension of Time to File Initial Expert Disclosure (ECF No. 25) pending resolution of the ERISA preemption issue.

//

//

ORDER ON ERISA PREEMPTION MOTIONS ~ 9

1  The District Court Executive is hereby directed to enter this Order and
2  provide copies to counsel.
3  **DATED** this 1st day of November, 2012.

4  *s/ Thomas O. Rice*

5  THOMAS O. RICE
   United States District Judge

ORDER ON ERISA PREEMPTION MOTIONS ~ 10