UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOANN COLLINS,<br><br>                          Plaintiff,<br><br>          v.<br><br>AETNA LIFE INSURANCE<br>COMPANY and ABC CORP.,<br><br>                          Defendants. | NO:  12-CV-5049-TOR<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is the parties' request for a stipulated protective order regarding confidential documents.  This request was submitted to the Court informally, via electronic mail on December 6, 2012, and does not otherwise appear in the Electronic Case Filing system of the court.  Having reviewed the stipulation and proposed order, the Court hereby orders as follows:

1.      Identification of Confidential Information.  The parties shall designate materials that constitute Confidential Information by placing on, or affixing to, each document the word "Confidential."  To designate Confidential Information

PROTECTIVE ORDER ~ 1

consisting of multi-page documents bound together by staples or other binding, only the first page need be stamped or marked "Confidential," provided, however, that if a multi-page document contains both allegedly confidential and non-confidential information, then the designating party shall indicate plainly on the document itself or in a cover memorandum which portions contain confidential information.  Should the party receiving discovery material marked "confidential" dispute whether the material qualifies as "confidential," or contains "a trade secret or other confidential research, development, or commercial information," *see* Fed. R. Civ. P. 26(c)(1)(G), the party may challenge the designation by filing a short objection regarding the designation and arranging for a prompt telephonic discovery status conference with the Court.

2.     Protection of Confidentiality.  Confidential Information and any notes, summaries, digests, memoranda, exhibits or other documents produced which include or describe Confidential Information, shall be retained by the parties' respective litigation counsel and shall not be disclosed to any person except as provided herein.  Persons to whom access to Confidential Information is given pursuant to this Order shall keep such information and any copies, abstracts, digests or summaries and descriptions thereof secure in accordance with the purposes and intent of this Order.

1       3.  <u>Access to Confidential Information</u>.  The parties shall be governed by

2  the following restrictions in its use of the Confidential Information produced to it

3  and as to the information derived therefrom:

4       A.  Such Confidential Information may not be disclosed except as

5  is necessary for the purpose of, and solely in connection with, litigating this case.

6  For that purpose only, the parties' respective counsel may disclose such

7  information to the Court and its employees, court reporters, independent expert

8  witnesses or potential expert witnesses retained by counsel, and such other persons

9  as may be agreed upon by the parties in the future, said agreement to be in writing

10  signed by counsel for all parties.

11       B.  Before disclosure of Confidential Information to any person as

12  permitted by the preceding paragraph (other than the Court and its employees),

13  such person shall read a copy of this Order and sign an Agreement To Respect

14  Confidential Information prepared by the parties.  Counsel shall maintain a copy of

15  all Agreements signed by such persons and shall furnish copies to opposing

16  counsel upon request.  No Confidential Information shall be disclosed to any

17  person who refuses or has failed to sign the Agreement.  In the event any person

18  who has signed an Agreement refuses to comply therewith or fails to adhere to the

19  terms thereof, counsel shall make no further disclosure to such person and shall

20  immediately notify its opposing counsel in writing.

PROTECTIVE ORDER ~ 3

4.    <u>Limitation on Copying</u>.  Confidential Information may be copied and summaries, digests or abstracts may be made, but all such copies, digests, abstracts and summaries shall be considered Confidential and shall be subject to the provisions of this Order.

5.    <u>Depositions</u>.  Nothing in this Order shall prevent the use by counsel of Confidential Information at depositions, with appropriate safeguards.   At any deposition or portion thereof in which Confidential Information will be disclosed, counsel may require the deposition witness and/or court reporter to read and sign an Agreement if he or she has not already done so.  Upon the request of counsel, deposition or other testimony shall be designated "Confidential" by the court reporter transcribing the deposition and marked "Confidential" by the court reporter, provided however, that if a deposition contains both allegedly confidential and non-confidential information, then only the confidential portion thereof shall be so designated.  Counsel shall additionally have thirty (30) days after the deposition transcript has been made available to designate those portions of the deposition testimony or exhibits which he deems to contain or reveal Confidential Information.  If documents or information designated Confidential are used in other depositions, such documents or information, and all portions of the transcript of such depositions and exhibits thereto which refer or relate to such

documents or information, shall be treated as Confidential Information and, if filed with the Court, shall be filed under seal.

6.     <u>Confidential Information to be Filed with Court Under Seal</u>.  If and only if a party seeks to use Confidential Information in a pleading, the document(s) designated Confidential according to this Order and those portions of any pleading that refer directly or indirectly to such Confidential Information shall be filed separately under seal when the pleading is filed.  Any document(s) filed under seal pursuant to this paragraph must be accompanied by a motion to seal the document(s).  Should the Court deny the motion to seal, any party shall have the opportunity to move to strike the document from the record.  Documents filed as sealed by a party cannot remain sealed without further order of the Court because there is a strong presumption in favor of public access to court documents.  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  Accordingly, a party seeking to seal a judicial record must so move the Court and bears the burden of overcoming the presumption.  *Kamakana*, 447 F.3d at 1178.  In the case of documents filed in support of a dispositive motion, the "compelling reasons" standard applies, and "[t]he party must "articulate [ ] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process."  *Kamakana*, 447 F.3d at 1178–79 (internal

quotations omitted).  With regard to non-dispositive motions, "a particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material." *Kamakana*, 447 F.3d at 1180 (internal citations and quotations omitted).

All portions of the pleadings, motions, briefs, memoranda or other documents filed with the Court purporting to reproduce, summarize or paraphrase Confidential Information shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "Confidential Information" and a statement substantially in the following form:

**CONFIDENTIAL**

**This envelope contains information which has been designated as Confidential and is not to be opened and its contents are not to be disclosed to any person other than the Court or its Clerks except by Order of the Court, or upon the stipulation of the parties.**

7.   <u>References in Open Court</u>.  Confidential Information may be used by Counsel for Plaintiff in connection with any hearing or trial in this matter.

8.   <u>Legal Process</u>.  In the event a recipient of Confidential Information produced in connection with this action receives any subpoena, other legal process

PROTECTIVE ORDER ~ 6

or request directed at compelling the production of Confidential Information, that recipient shall immediately notify opposing counsel in writing, so as to afford it ample opportunity to contest that subpoena, legal process or request.

9.    Disposition on Termination of Action.  Within 60 days of the entry of an Order finally terminating this action, including all appeals, and unless the parties' respective counsel agree otherwise, in writing, counsel for each party and any other person receiving Confidential Information shall assemble and turn over to the opposing party's counsel, all materials, documents, summaries, digests and abstracts containing Confidential Information and all copies thereof which were produced by said party, provided, however that counsel may retain one set of pleadings, documents filed with the Court and depositions, and may retain any documents and copies thereof which are work product, said materials to remain subject to this Order.  As to any items retained by counsel which were produced by the opposing party, a complete list of said items must be provided to the opposing party's counsel within the sixty (60) day period of the entry of an Order finally terminating this action.

10.    Costs, Damages and Sanctions.  Counsel acknowledge that they may be subject to sanctions for breach of this Order and agree to reimburse the opposing party for all reasonable attorney's fees and costs incurred as a result of a successful action seeking sanctions for breach of this Order and/or to enforce this

Order.  Nothing in this Order limits the parties' right to pursue other legal or equitable remedies available to it resulting from a breach of this Order.

**IT IS SO ORDERED.**

The District Court Executive is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 14th day of January, 2013.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

PROTECTIVE ORDER ~ 8